UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MEDTRONIC XOMED, INC.,

    Plaintiff,

vs.                                                     Case No. 3:04-cv-400-J-32MCR

GYRUS ENT LLC,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Reconsideration (Doc. 134) filed January 11, 2006. Plaintiff filed a response in opposition to this motion on January 26, 2006. (Doc. 136). Defendant urges the Court to reconsider its decision in the December 22, 2005 Order (Doc. 132) (the "Order") granting in part and denying in part Plaintiff's Motion to Compel (Doc. 93). Specifically, Defendant argues the Order is an incorrect application of the attorney-client privilege and:

> creates the anomalous situation that communications of Gyrus's chief in-house legal advisor (Mr. Gadsden) are not privileged, but communications involving an in-house attorney subordinate to Mr. Gadsden, who is working under Mr. Gadsden's direction, are privileged. This result apparently is reached simply because Mr. Gadsden is a European Patent Attorney, but not a United States attorney, while the junior attorney is a United States attorney.

(Doc. 134, p.1). As such, Defendant asks the Court to vacate the Order and find that communications to and from Mr. Gadsden are protected from disclosure pursuant to the attorney-client privilege. Alternatively, Defendant asks the Court to conduct an *in*

*camera* inspection of the documents at issue.  Finally, Defendant claims the Order contains a clerical mistake in that it incorrectly lists the documents ordered to be produced.  (Doc. 134).

Plaintiff opposes Defendant's motion for numerous reasons.  First, Plaintiff takes the position that Defendant has failed to satisfy the elements necessary to maintain a motion for reconsideration.  Next, Plaintiff argues the Court should not vacate the Order as it "follows clear Eleventh Circuit precedent in refusing to create an exception to the requirements of the attorney-client privilege."  (Doc. 136, p.6).  Plaintiff also opposes Defendant's suggestion that the Court conduct an *in camera* inspection and asks that if the Court does decide to review some of documents, it review all documents, including those previously found to be privileged.  (Doc. 136, pp.7-8).  Finally, Plaintiff does not oppose the Court revising the Order to correct the clerical mistakes regarding the list of documents to be produced.

As an initial matter, although Defendant has not technically satisfied the requirements for reconsideration, the Court will nevertheless address Defendant's motion.  First, Defendant asks the Court to vacate the Order insofar as it finds no attorney-client privilege attaches to Mr. Gadsden's communications.  The Court will decline to do so.  Defendant repeatedly mentions in its Motion that Mr. Gadsden is a foreign patent agent and a European Patent Attorney, giving the impression that Mr. Gadsden is an attorney in the United Kingdom.  (Doc. 134, pp. 1, 4, 5).  As Plaintiff points out, Mr. Gadsden is not an attorney in the United Kingdom.  Defendant considers it "bizarre" that the Court would render a decision protecting the communications of Mr.

-2-

Gadsden's subordinate simply because that individual is an attorney. However, as Plaintiff correctly points out, using Defendant's logic, any communications of a non-lawyer corporate executive who supervises an attorney should be privileged if that executive engages in rendering legal advice. The Court does not believe that simply because the communications of Mr. Gadsden's subordinate (who is an attorney) are protected by the attorney-client privilege, Mr. Gadsden's should be too.

The other argument Defendant provides to vacate the Order is that based on the Eleventh Circuit case of United States v. Schaltenbrand, 930 F.2d 1554 (11th Cir. 1991), form should not be elevated over substance in applying the attorney-client privilege. (Doc. 134, pp. 5-6). In Schaltenbrand, the defendant sought legal advice from two JAG attorneys and sought protection for the conversations he had with these attorneys. In opposing application of the attorney-client privilege, the government argued that the attorneys were not acting as attorneys at the time of the communications but rather were acting as counselors. Id. at 1562. The Eleventh Circuit determined that the conversation was protected by the attorney-client privilege because the defendant was seeking legal advice and believed he had received such advice. Id. However, as Plaintiff points out, that case dealt with communications with actual attorneys. Here, the communications Defendant seeks to protect were not with an attorney, but rather a foreign patent agent.

Nothing in Defendant's Motion for Reconsideration convinces the Court to disturb its ruling that Mr. Gadsden's communications are not protected by the attorney-client

privilege.[1]  Additionally, the Court declines Defendant's invitation to conduct an *in camera* inspection of the documents ordered produced.  The Court is satisfied the documents being ordered produced are not protected by the attorney-client privilege.

Finally, the Court will revise its Order to correct the clerical error regarding the documents Defendant is ordered to produce.  The Order incorrectly directed Defendant to produce items 731-733, 735, 751, 756, 757, 820, 823-825, and 830.  (Doc. 132, p.16). Defendant is hereby directed to produce log items 385-393[2], 1540, 1585, 1666 and 1690 no later than **Monday, March 20, 2006**.

After due consideration, it is

**ORDERED**:

1.  Defendant's Motion for Reconsideration (Doc. 134) is **GRANTED in part and DENIED in part**.

2.  The December 22, 2005 Order (Doc. 132) is hereby revised to require Defendant Gyrus ENT, LCC to produce log items 385-393, 1540, 1585, 1666 and 1690

---

[1] Defendant also asks the Court to vacate its decision to apply Eleventh Circuit law rather than Federal Circuit law. (Doc. 134, pp. 6-7). However, the Court does not believe and Defendant has not argued that the application of Federal Circuit law would change the Court's analysis and ultimate decision. Accordingly, the Court will not vacate the Order on this basis.

[2] In the Motion for Reconsideration, Defendant also argues for the first time that items 385, 389, 390 and 393 should not be produced because they "explicitly report opinions and advice received from Gyrus PLC's outside counsel." (Doc. 134, p.8). Defendant claims it raised this argument in its original response, however, Defendant never identified the documents and Mr. Gadsden's affidavit makes no mention of these documents containing opinions and advice from outside counsel. Moreover, according to Gadsden's affidavit, these documents were prepared by Gadsden for the Board of Directors or the management of Gyrus.  Thus, they are not communications to or from an attorney and client.  Accordingly, Defendant failed to satisfy its burden of demonstrating these documents should be protected by the attorney-client privilege.

no later than **Monday, March 20, 2006**.  In all other respects, the December 22, 2005 Order remains in effect.

      **DONE AND ORDERED** in Chambers in Jacksonville, Florida this  10th  day of March, 2006.

                                               *Monte C. Richardson*
                                             MONTE C. RICHARDSON
                                     UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party