UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MEDTRONIC XOMED, INC. ,

    Plaintiff,

vs.                                          Case No.  3:04-cv-400-J-32MCR

GYRUS ENT LLC,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (1) Production of a Document Relied on by Plaintiff's Rule 30(b)(6) Designee and (2) Continuation of the Deposition after the Production (Doc. 137) filed February 15, 2006. Plaintiff filed a Response and Opposition to Defendant's Fourth Motion to Compel on March 6, 2006 (Doc. 164).  Accordingly, the matter is ripe for judicial review.

**I.**     **Background**

This matter is a patent infringement action where, among other things, Plaintiff, Medtronic Xomed, Inc., alleges that certain of Defendant's microdebrider products, when used during the performance of sinus surgery, infringe upon Plaintiff's United States Patent No. 6, 293, 957 (the "957 Patent").  Defendant denies any infringement and counterclaims against Plaintiff asking the Court to declare Plaintiff's 957 Patent invalid and unenforceable.  As is frequently the case in patent disputes, one of the issues in this controversy centers around prior art.  Specifically, Defendant argues that

-1-

Plaintiff failed to disclose all material prior art known to Plaintiff and its attorneys to the United States Patent and Trademark Office (the "PTO") and therefore, the 957 Patent is invalid and unenforceable.

The parties have engaged in extensive discovery and much of the discovery has revolved around the issue of prior art. In fact, Defendant previously filed a motion to compel Plaintiff to designate a corporate representative to testify on various specific topics, one of which focused on "prior art relevant to the validity / invalidity of the 957 Patent." (Doc. 89). Despite Plaintiff's objection that such information would be more appropriately addressed through expert testimony, the Court granted Defendant's motion to compel in part and opined that the "factual evidence requested [with respect to prior art] is discoverable through a Fed. R. Civ. P. 30(b)(6) deposition." (Doc. 124).

On January 20, 2006, Defendant deposed Plaintiff's corporate designee, Mr. Fletcher, during a FRCP 30(b)(6) Court-compelled deposition. During the deposition, Defendant asked Mr. Fletcher various questions relating to prior art, including what documents he had reviewed. (Doc. 137, Ex. 4, p. 7). Mr. Fletcher responded that he reviewed various documents, including the document now at issue (the "contested document").[1]  Id. When Defendant requested Plaintiff produce the contested document, Plaintiff objected asserting the work product doctrine.

Defendant now requests the Court issue an order compelling Plaintiff to produce the contested document which Defendant contends Plaintiff's corporate designee relied

---

[1] This Court takes note of the fact that Mr. Fletcher reviewed only portions of the contested document and not the document as a whole.

upon while testifying during a Rule 30(b)(6) Court-compelled deposition.  (Doc. 137).  Defendant relies upon Fed. R. Evid.  612 and argues that Plaintiff has waived any work product privilege when it showed the contested document to Mr. Fletcher.  See id.  Additionally, Defendant requests this Court compel the continuation of the Rule 30 (b)(6) deposition so that Defendant may continue interrogating Plaintiff on issues relating to the contested document, as it relates to prior art.  See id.

Plaintiff opposes Defendant's motion to compel and asserts that the contested document contains the thoughts, mental impressions, and analyses prepared by outside counsel in anticipation of litigation.  (Doc. 164).  Accordingly, Plaintiff contends that the work product doctrine, codified in  Fed. R. Civ. P. 26(b)(3), protects Plaintiff from disclosing the contested document.  See id.  Plaintiff further asserts that Fed. R. Evid. 612 does not apply to the instant matter; alternatively, Plaintiff reasons that even if the Court finds that Fed. R. Evid. 612 does apply to this matter, Defendant cannot demonstrate the three criteria required under a Fed. R. Evid. 612 analysis.  See id.

**II.     Discussion**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1. The parties have attempted to resolve this dispute, albeit unsuccessfully.

In the instant motion, Defendant claims that Mr. Fletcher, Plaintiff's corporate designee for purposes of the Court-compelled deposition, relied on the contested document when preparing for the deposition. (Doc. 137). Therefore, Defendant asks the Court to compel Plaintiffs to (1) produce the contested document and (2) continue the deposition after production. See id.

### A. Balancing the Work Product Doctrine against Fed. R. Evid. 612

In refusing to produce the contested document, Plaintiff asserts the work product doctrine. (Doc. 164). Defendant does not dispute that the document in question is covered by the work product doctrine; rather, Defendant argues that Plaintiff waived any work product exemption when it provided the contested document to Mr. Fletcher because Mr. Fletcher relied on it to prepare for his deposition. (Doc. 137). Defendant cites Fed. R. Evid. 612 as its basis for such argument. See id. The issue before the

Court requires the Court to conduct an analysis of the work product doctrine as it applies to Fed. R. Evid. 612.

### B.     The Work Product Doctrine

Claims of work product protections are governed by Fed. R. Civ. P. 26(b)(3), which states in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Thus, a party requesting a document protected by work product must demonstrate (1) a substantial need for such document and (2) that the party is unable, without undue hardship, to obtain the equivalent of the document by other means.  As the rule makes clear, the protection is even more pronounced when the material at issue contains mental impressions, conclusions, opinions, or legal theories of an attorney concerning the litigation.  See id.   In fact, the Eleventh Circuit has recognized that "material which reflects an attorney's mental impressions, conclusions, opinions, or legal theories . . . . enjoys a nearly absolute immunity and can be discovered only in very rare and

-5-

extraordinary circumstances." Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994).

"'The burden of establishing that a document is work product is on the party who asserts the claim.'" Freiermuth v. PPG Industries, Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003) (quoting, Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985)). To satisfy this burden, the party asserting the privilege must make an "evidentiary showing based on competent evidence," rather than "mere conclusory or *ipse dixit* assertions." CSX Transp., Inc. v. Admiral Ins. Co., 1995 WL 855421 *1 (M.D. Fla. 1995) (quoting, Bowne, 150 F.R.D. at 470) (citations omitted)).

Because Plaintiff claims work product, it is Plaintiff's burden to prove. Plaintiff has provided an affidavit stating that the contested document was prepared by an outside attorney for the purpose of analyzing prior art in response to Defendant's invalidity expert's opinion concerning prior art cited to the PTO. (Doc. 164, Ex. G, p. 1-2). Moreover, Plaintiff's affidavit states that the contested document was prepared for the purpose of this litigation and it contains the outside counsel's thoughts, mental impressions, and analyses of Defendant's invalidity expert's report. See id.

The Court believes the contested document is protected as work product, as it was produced by an attorney in anticipation of litigation. Because the Court opines that the contested document is work product which reflects an attorney's mental impressions, conclusions, opinions, and legal theories, this document is protected by a near absolute immunity and is only discoverable in extraordinary circumstances. See

-6-

Cox, 17 F.3d at 1422; see also JP Morgan Chase Bank v. Liberty Mutual Ins. Co., 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (holding defendants' mental impressions, conclusions, opinions, and legal theory is shielded from discovery in a Fed. R. Civ. P. (30)(b)(6) deposition, absent a compelling need).  Notably, Defendant does not argue that the contested document is not work product.  Rather, Defendant argues that Plaintiff has waived this protection under Fed. R. Evid. 612.  (Doc. 137).  Therefore, the next issue before the court is whether Fed. R. Evid. 612 applies and if so, whether Plaintiff has waived its work product protection.

    **C.**    **Fed. R. Evid. 612**

Federal Rule of Evidence 612 provides that an adverse party is entitled to the production of a document if a witness uses the document to refresh his/her memory either (1) while testifying or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice.  Fed. R. Evid. 612.  Courts have routinely applied this rule to documents reviewed by a witness in preparation for a deposition. See e.g., Sporck v. Peil, 759 F.2d 312, 327 (3rd Cir. 1985) (noting that although Rule 612 is an evidence rule it is applicable to a deposition and deposition testimony by operation of Fed. R. Civ. P. 30(c)); In re Comair Air Disaster Litigation, 100 F.R.D. 350, 353 (D. KY 1983) (stating that Rule 12 applies to written materials reviewed by a witness prior to a deposition).  It is undisputed that Mr. Fletcher reviewed the contested document before testifying, not during his deposition testimony. Therefore, if Rule 12 applies, section (2) affords the Court discretion in determining whether the interests of justice require disclosure.  Fed. R. Evid. 612(2);  See also  In re: Managed Care Litig.,

No. 00-1334-MD, 2006 WL 408688, at *2 (S.D. Fla. 2006) (citing advisory committee notes to show court has discretion in weighing the interests of justice when writing was used to refresh a witness' recollection prior to testifying).

Rule 612 exists, in part, to "safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness." Fed. R. Evid. 612 advisory committee's notes. Accordingly, for Rule 612 to apply, Defendant must prove that the contested document had an impact upon the testimony of the witness.

Application of Rule 612 requires Plaintiff to meet three conditions before it is entitled to production of the contested document: (1) the witness must have used the writing to refresh his memory; (2) the witness must have used to writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice. Sporck, 759 F.2d at 317; In re Managed Care Litig., 2006 WL 408688, at *2.

It should be noted that several courts have found an apparent conflict between Fed. R. Evid. 612 and the work product doctrine. E.g., In re Comair Air Disaster Litigation, 100 F.R.D. at 353 (stating that the court is required to resolve a conflict between the policies underlying the work product doctrine and those of a free and well informed cross-examination under R. 612). This Court, however, believes that the "interests of justice" language in Rule 612 (2) is synonymous with the work product protection that privileged documents are only discoverable when a party shows

substantial need and that the equivalent of the materials cannot be obtained without undue hardship. In fact, the Advisory Committee Notes to Rule 612 state that "[t]he Committee intends that nothing in the Rule be construed as barring the assertion of a privilege with respect to the writings used by a witness to refresh his memory." See Fed. R. Evid. 612 advisory committee's notes; In re Managed Care Litig., 2006 WL 408688, at *2.

The Court will now conduct a Rule 612 analysis.

### 1. Recollection Refreshed

Here, the contested document is attorney work product and thus, for the Court to hold that Plaintiff has waived this protection, Defendant must demonstrate each of three criteria noted above. Defendant first argues that Mr. Fletcher used the contested document to prepare for his deposition. (Doc. 137) Plaintiff does not disagree with this point and in fact, Mr. Fletcher readily admitted that he reviewed the contested document in preparation for responding to questions relating to prior art at the deposition. (Doc. 137, Ex. 4, p. 7, ¶¶ 3-7). Rule 612, however, requires that Defendant prove that Mr. Fletcher refreshed his recollection by means of this document.

Plaintiff argues that neither Mr. Fletcher nor anyone in the corporation had any knowledge relating to the relevant prior art, with the exception of certain "small joint shavers." (Doc. 164, p. 9). In fact, in an affidavit, Mr. Fletcher states that after discussing the prior art issues with Plaintiff's employees, it became apparent that Plaintiff "had little institutional knowledge regarding prior art relevant to the '957 patent." (Doc. 167, Ex. F, p. 3). Moreover, Mr. Fletcher directly states that the contested

"document did not refresh [his] memory of any prior art references related to the 957 Patent because [he had no] personal memory of any of the references." (Doc. 167, Ex. F., p.3, ¶ 8).

Defendant considers this argument a "red herring at best", and asserts that "a Rule 30(b)(6) designee is required to testify about matters known or reasonably available to the party designating the witness, which may not be from the witness's personal knowledge." (Doc. 137, pp. 8-9).

Fed. R. Civ. P. 30(b)(6) functions to streamline the discovery process by allowing a party to depose an opposing party's corporate designee who has knowledge responsive to the subjects requested.   See Smithkline Beecham Corp v. Apotex Corp., No. 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill. 2000). It also imposes a duty upon the named business entity to select and prepare a deponent to adequately testify on subject matters known by the deponent and on subjects the entity should reasonably know. See id.   This Rule does not, however, place an excessive burden on the corporation being deposed and in fact, the "recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim." Id. at *9.

In this case, Plaintiff attempted to prepare Mr. Fletcher as best as it could in light of the broad topic requested.[2]   Specifically, to prepare for questions related to prior art

---

[2]In an attempt to prepare its witness for the January 20th deposition, Plaintiff requested Defendant provide guidance to Plaintiff with respect to the topics Defendant intended to cover during the deposition. (Doc. 164, Ex. D). Defendant's response, that "we intend to ask questions directed to the prior art cited during the prosecution of the applications that issued as the 957
(continued...)

of the 957 Patent, Mr. Fletcher spoke with several individuals, including individuals inside and outside the company and counsel. (Doc. 137, Ex. 4, p. 3).  Mr. Fletcher also reviewed various documents, totaling fourteen binders, which included a prior deposition by Plaintiff's employee who was responsible for interacting with outside patent counsel, Plaintiff's expert's report, and the contested document.  (Doc. 137, Ex. 4, p. 7).   The Court finds that this was sufficient preparation and that Plaintiff, as an institution, had little, if any, knowledge relating to the prior art references.  Notably, Plaintiff has adopted and relies upon Dr. Leopold's, Plaintiff's expert, opinions with respect to prior art, which is further evidence that Plaintiff has not formulated its own opinions on the topic of prior art.  (Doc. 164, Ex. E, p. 17, §§ 15-23).

Because Plaintiff, as an institution, did not have prior institutional knowledge relating to prior art references, this Court finds that Defendant cannot demonstrate the first requirement under Rule 612 and therefore, Rule 612 does not apply.  See e.g. Nutramax Laboratories, Inc. v. Twin Laboratories, Inc., 183 F.R.D. 458, 474 (D. Md. 1998) (holding corporation 30(b)(6) designee's recollection was not refreshed after he reviewed a document to prepare for a deposition).

### 2. Reliance on Document in Testimony

Were this Court to assume, arguendo, that Mr. Fletcher's review of the document did refresh his memory, Plaintiff cannot meet its burden of proving that Mr. Fletcher used the contested document for the purpose of testifying.

---

[2](...continued)
patent," did little to narrow the issue with respect to the broad topic of prior art. (Doc. 164, Ex. D).

Court's have held that simply looking at a document is not sufficient to trigger Rule 612. See Suss v. MSX Int'l Engineering Services, Inc., 212 F.R.D. 159, 165 (S.D.N.Y. 2002) (stating that movants failed to demonstrate that witnesses relied upon documents in question and that "'relied upon' means more than simply reviewing"); In re Comair Disaster Litig., 100 F.R.D. at 353 ("[N]ot 'every time a witness looks at any document in preparation for trial, that document should be disclosed to the other side.'") (internal citations omitted). Rather, the moving party must show that the witness relied upon the document in his testimony. In re Comair Disaster Litig., 100 F.R.D. at 353.

Both parties reference various quotes in the deposition transcript to prove their point on this issue. The Court has looked at the prior art references in the deposition transcript and opines that Defendant fails to demonstrate any place in the record that shows Mr. Fletcher's testimony was influenced by the contested document. In fact, Defendant's best argument for reliance is the following reference:

> Q. Did you rely on that work product document *to prepare to testify* today?
> A. Yes, somewhat.

(Doc. 137, Ex. 4, p. 10, ¶¶ 15-23) (emphasis added). This reference is tenuous at best, however, because it merely shows Defendant relied on the contested document in preparing for the deposition, not in testifying. Additionally the record is wholly void of any reference that proves defendant relied on anything he may have learned from the contested document. The deposition transcript shows that Mr. Fletcher answered questions relating to prior art by studying the references to such prior art during his deposition. Moreover, Mr. Fletcher testified in his affidavit that he did not rely on the

contested document. (Doc. 164, Ex. F, p. 4, ¶ 11). As such, Defendant cannot demonstrate that Mr. Fletcher relied on the contested document.

### 3. The Interests of Justice

Although this Court does not need to address this last issue, the Court does note that Defendant fails to persuade the Court that the interests of justice weigh in favor of compelling Plaintiff to disclose the attorney work product. Defendant's reasoning lacks merit and in fact, Defendant never attempts to demonstrate its "substantial need" for obtaining this document or its "undue hardship" in obtaining equivalent information. Nor can it. Since Defendant is already in possession of Dr. Leopold's expert reports, which Plaintiff has fully adopted as its official stance with respect to prior art issues, this Court finds that Defendant cannot show "substantial need" for the contested document. Additionally, Defendant has already had an opportunity to interrogate Plaintiff's outside counsel on prior art. For instance, Defendant has already deposed the patent attorney who prosecuted the 957 Patent and chose not to depose the patent attorney who prosecuted Plaintiff's initial patent application (Doc. 164, p. 11, fn. 3)--both factors which further obviate the need to disclose the contested work product document. Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Production of a Document Relied on by Plaintiff's Rule 30(b)(6) Designee and Continuation of the Deposition after the Production (Doc.137) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th   day of March, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record