**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MEDTRONIC XOMED, INC.,

    Plaintiff/Counterdefendant,

vs.                                      Case No. 3:04-cv-400-J-32MCR

GYRUS ENT LLC,

    Defendant/Counterclaimant

**ORDER**[1]

Before the Court are Defendant's Motion Under Federal Rule Of Evidence 702 To Exclude Certain Proposed Testimony Of Plaintiff's Damages Expert (Doc. 162-2), filed by defendant/counterclaimant Gyrus ENT, LLC, ("Gyrus"), and Plaintiff Medtronic Xomed, Inc.'s ("Xomed") Motion To Exclude The Expert Testimony Of R. Bruce Den Uyl, Steven B. Kushnick, P.E., and Daniel G. Becker, M.D. (Doc. 150.) The parties have submitted responses and replies to the Daubert[2] motions, as well as exhibits to their memoranda. (Docs. 171, 172-1, 185, 188.)

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

1

## I.     **Applicable Standards**

The admissibility of expert testimony is governed by Rule 702, Federal Rule of Evidence, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.  In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-93, 597 (1993), the Supreme Court instructed that district courts are to perform a "gatekeeping" role concerning the admission of expert scientific testimony. See also Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 147-48 (1999).  In performing its gatekeeping function, the Court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc), cert. denied,

544 U.S. 1063 (2005).³ "'The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence.'" Hall v. United Ins. Co. of America, 367 F.3d 1255, 1261 (11th Cir. 2004)(citation omitted). The admission of expert testimony is a matter within the discretion of the district court, which is accorded "considerable leeway" in making its determination. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258-59.

Under the Federal Rules of Evidence, an expert is not confined to admissible evidence when forming an opinion. Rule 703 provides that an expert may base an opinion on inadmissible facts or data "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. See also Daubert, 509 U.S. at 595.

**II.    Discussion**

   **A.    Damages Experts**

Each party seeks to exclude the other's expert on damages. Specifically, Xomed urges that the Court exclude Gyrus' damages expert R. Bruce Den Uhl (Doc.

---

³ The Court's evidentiary rulings in patent cases, including decisions to admit expert testimony, are discretionary, and are governed by regional circuit law. Liquid Dynamics Corp. v. Vaughan Co., 449 F.3d 1209, 1218 (Fed. Cir. 2006).

150 at 7-20), and Gyrus moves in limine to exclude Xomed's damages expert James E. Malackowski. (Doc. 162-2.) Inasmuch as the Court has determined to structure the trial proceedings in this case into two separate and distrinct phases, with liability first tried to a verdict, followed immediately thereafter, if necessary, by trial on the question of damages, (Doc. 220), the Court will defer its decision on the admissibility of the parties' damages experts until the conclusion of the liability phase of the trial.

### B.    Liability Experts

Xomed moves to exclude Gyrus' noninfringement experts Steven B. Kushnick, P.E., and Daniel G. Becker, M.D., contending that the conditions under which they performed tests on Gyrus' debrider product did not accurately replicate "standard operating conditions" or "normal use." (Doc. 150 at 21.) "Consequently, the testing and any testimony related thereto is not relevant to the issues presented in this case and should be excluded," argues Xomed. (Id. at 34.)

Having read Mr. Kushnick's and Dr. Becker's reports, and considered Xomed's arguments addressing the alleged shortcomings of the Gyrus non-infringement experts' proffered opinions, the Court concludes that their opinions, as presented in their reports, are sufficiently reliable and relevant under Daubert. Other than stating that neither Mr. Kushnick nor the individuals whose representations he relied upon were sinus surgeons with experience using a sinus debrider, (Doc.150 at 23), Xomed

4

does not question the qualifications of the experts. The Court finds that the experts' methodology is sufficiently within the mainstream, and that their opinions are relevant to the issues in this case. Xomed's arguments concerning the experts' methodology go to the weight rather than to the admissibility of the testimony. These concerns are more proper subjects for cross-examination and argument to the jury. See Daubert, 509 U.S. at 596 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shakey but admissible evidence"). Accordingly, the Court denies Xomed's motion to exclude expert testimony by Mr. Kushnick and Dr. Becker.

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

1. Defendant's Motion Under Federal Rule Of Evidence 702 To Exclude Certain Proposed Testimony Of Plaintiff's Damages Expert (Doc. 162-2) is **DEFERRED.**

2. Plaintiff Medtronic Xomed, Inc.'s ("Xomed") Motion To Exclude The Expert Testimony Of R. Bruce Den Uyl, Steven B. Kushnick, P.E., and Daniel G. Becker, M.D., (Doc. 150), is **DENIED IN PART, AND DEFERRED IN PART.**

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of August, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of August, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record